BITONTI v. WAYNE COUNTY AUDITORS.
LEVINSON v. SAME.
LOESCH v. SAME.
In re PETITION FOR INVESTIGATION INTO GAMBLING AND MATTERS IN CONNECTION THEREWITH IN THE COUNTY OF WAYNE.

1. SEARCHES AND SEIZURES—TITLE OF MONEY—JURISDICTION OF COURT.

Money seized by officers without a search warrant and placed in the custody of the court without further action relative thereto remained subject to the jurisdiction of the court;

hence want of appeal from denial by board of county auditors of claim against county therefor was not *res judicata* or decisive of any issue before the court on appeal from order granting writ of mandamus ordering return of funds seized.

2. SAME—RETURN OF MONEYS NOT CONFISCATED—PAYMENT OF EQUIVALENT AMOUNT.

Payment of equivalent amount of money satisfies a county's obligation for return of moneys, seized by officers without a search warrant and paid into court but which have not been confiscated or condemned, inability to return identical moneys that had been commingled with general county funds being immaterial.

3. MANDAMUS—COUNTIES—TREASURER—BOARD OF AUDITORS—PARTIES.

Since issuance of warrant by board of county auditors is a condition precedent to payment of funds by county treasurer, omission of latter as party to mandamus proceedings to recover money seized by officers without a warrant and paid into court without further action affecting transfer of title to county having been taken was proper since the writ could not run against the treasurer without the warrant.

4. SEARCHES AND SEIZURES—RETURN OF MONEY—MANDAMUS.

Mandamus was properly granted parties from whom moneys were seized without a warrant incident to one-man grand jury investigation into gambling for return thereof where such parties were never indicted and funds were never confiscated.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 10, 1945. (Calendar No. 42,746.) Decided May 14, 1945.

Separate petitions by John Bitonti, Edward Levinson and John Loesch for writ of mandamus to compel Ray Hafeli and others, as Board of County Auditors for the County of Wayne, to approve petitioners' claims in full. Writ granted.

In the matter of the petition for investigation into gambling and matters in connection therewith in the County of Wayne. John Bitonti, Edward Levinson

and John Loesch filed petitions for order directing the board of county auditors to turn property over to petitioners. Order entered directing such return. Defendants appeal. Affirmed.

*David I. Hubar* (*Milton M. Maddin,* of counsel), for plaintiffs.

*Gerald K. O'Brien,* Prosecuting Attorney, and *Samuel Brezner,* Assistant Prosecuting Attorney, for defendants.

WIEST, J. These four cases, of like import in point of fact and law, have been consolidated for hearing in this court.

August 19, 1939, a petition by citizens was filed in the Wayne circuit court asking that one of the judges of that court be designated to investigate the existence of gambling in the county of Wayne. August 21, 1939, the Wayne circuit court designated one of its members to conduct the investigation. There came into the custody of the judge so designated and acting in the capacity of a grand jury certain moneys taken by officers, in May, 1941, from plaintiffs herein. The mentioned investigation terminated April 12, 1943, without indictment of plaintiffs or, so far as the record discloses, any confiscation or condemnation of the moneys or any order holding the moneys for the purposes of evidence.

In an opinion the circuit judge well stated:

"At some time which is not shown by anything in this record or by any stipulation, the funds in question in these four cases were turned over to the treasurer of Wayne county by the judge presiding over the deliberations of said grand jury. There is nothing in this record which indicates that any legal steps have ever been taken which have had

the legal effect of transferring the legal title to this property to the treasurer of Wayne county or to the county of Wayne. There is nothing in the record to indicate that any steps have been taken to divest these petitioners of the legal title of this property. It is conceded that they were in possession of it when it was taken from them, or surrendered by them, as the case might be.''

Plaintiffs petitioned the board of Wayne county auditors for an order or warrant directing the county treasurer to pay them their moneys so deposited. The board at first, on advice of the prosecuting attorney, refused a hearing, claiming want of jurisdiction. Thereupon plaintiffs applied to the circuit court for writs of mandamus directing the board to hear the matter but discontinued the proceedings upon consent of the board to hear them. Such hearing was had and testimony introduced by plaintiffs herein and the petitions for refund denied. Plaintiffs then applied to the circuit court for writs of mandamus directing the board of auditors to issue its warrant or direction to the county treasurer to pay plaintiffs their moneys so deposited by the court. The circuit court granted the writs and the board of county auditors appeals.

Counsel for the board of county auditors claim that the board could not pass upon the right of plaintiffs to have their moneys and that the applications by plaintiffs to the board of county auditors were in the nature of a claim against the county and, no appeal having been taken by plaintiffs from denial of their petitions, the holding of the board of auditors was *res judicata*. In support of this claim counsel for defendants point to the provision in the Constitution which reads in part:

''The boards of supervisors, or in counties having county auditors, such auditors shall adjust all claims against their respective counties; appeals may be

taken from such decisions of the boards of supervisors or auditors to the circuit court in such manner as shall be prescribed by law." Const. 1908, art. 8, § 9.

That brings us to the question of how this money got into the county treasury. The record does not disclose any judicial action confiscating or condemning the moneys in the custody of the court, and we find no provision of law which authorizes money, so seized by officers without a search warrant and placed in the custody of the court without further action relative thereto, to be paid into the general funds of the county. Under this record the circuit court never lost jurisdiction over the funds in question nor, so far as we are informed by this record, was there any confiscation of the moneys as attributes of gambling or any indictment of the persons from whom the moneys were taken. Want of appeal from denial by the board of county auditors of the return of the moneys was not *res judicata* or decisive of any issue before the court.

The circuit court had full jurisdiction in the premises. It is idle for the board of auditors to contend that the identical moneys cannot be returned because they have been commingled with general county funds. Payment of money equivalent in amount will satisfy the obligation of the county.

It is also claimed that the county treasurer should have been made a party. The answer to that is that the writs could not run against the county treasurer for he may not repay the funds without the warrant of the board of auditors.

Under the record herein we affirm the writs issued by the circuit judge. Plaintiffs will recover costs.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.