KOSIBA v. WAYNE COUNTY BOARD OF AUDITORS.

1. MANDAMUS—FINDING OF TRIAL JUDGE—EVIDENCE—PROCEEDS OF GAMBLING.

Record in mandamus proceeding against board of county auditors supported trial judge's finding that money seized under a search warrant, now claimed by plaintiff, came to her from her husband who had obtained it in the course of unlawful gambling operations of which plaintiff had knowledge.

2. SAME—DISCRETION OF COURT.

Mandamus is a discretionary remedy, the writ being one of grace and not of right.

3. SAME—PUBLIC OFFICERS.

A writ of mandamus will issue to compel public officers and tribunals to perform their duties, when the right is clear and specific.

4. SAME—CLEAR LEGAL DUTY.

A writ of mandamus lies only to enforce performance of a clear legal right or ministerial duty.

5. SAME—PRIMARY PURPOSE.

The primary purpose of the writ of mandamus is to enforce duties created by law.

6. SAME—ADEQUACY OF OTHER LEGAL REMEDY—PUBLIC OFFICERS.

Mandamus will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts but is designed to enforce a plain, positive duty upon the relation of one who has a clear legal right to have it performed, and when there is no other adequate legal remedy.

7. SAME—DISCRETIONARY NATURE OF WRIT.

The writ of mandamus is a discretionary writ and should not issue unless there is a clear legal duty on the part of the defendant, and a clear legal right in plaintiff to the discharge of that duty.

8. GAMING—MONEY USED AS PRIZES.

> Money used as a prize in gambling operations should be regarded as material of gaming under the penal code (Act No. 328, § 308, Pub. Acts 1931).

9. MANDAMUS—BOARD OF COUNTY AUDITORS—RECOVERY OF PROCEEDS OF GAMBLING.

> Plaintiff who knew that money which was seized under search warrant incident to an investigation concerning unlawful gambling and which she claimed had been given to her by her husband was received by him as a result of unlawful gambling operations was not entitled to writ of mandamus against board of county auditors to compel a return to her of such money (Act No. 328, § 308, Pub. Acts 1931).

Appeal from Wayne; Miller (Guy A.), J. Submitted January 13, 1948. (Calendar No. 43,916.) Decided February 16, 1948.

Mandamus by Grace Kosiba against Jacob P. Sumeracki and others, members of Wayne County Board of Auditors, to compel payment of money claimed to have been illegally seized. Writ denied. Plaintiff appeals. Affirmed.

*William L. Colden* and *Charles W. Jones (George Stone,* of counsel), for plaintiff.

*James N. McNally,* Prosecuting Attorney, and *J. Lynn Fewlass* and *Julius C. Pliskow,* Assistant Prosecuting Attorneys, for defendants.

CARR, J. During the month of October, 1940, an investigation concerning alleged violations of the statutes of the State pertaining to gambling was being conducted by one of the judges of the Wayne circuit court. In connection with such proceeding a warrant was issued to search the residence of plaintiff and her husband, Peter Kosiba, in the city of

Dearborn. The premises in question were searched, and certain gambling paraphernalia seized. In a safe in the basement of the house the officers found the sum of $3,749.79 in cash, consisting almost entirely of silver coins, which was also taken. Subsequently, and apparently without any proceeding for the confiscation or condemnation of the money, it was turned over to the board of county auditors.

Following the search of his residence, Peter Kosiba was arrested, and he and plaintiff were later indicted on a charge of criminal conspiracy. The case was dismissed as to plaintiff but Kosiba was tried and convicted, with others, the conviction being affirmed by this Court in *People* v. *Watson,* 307 Mich. 596. One of the alleged conspirators, Roxborough, was separately tried and convicted. In affirming the case this Court, in *People* v. *Roxborough,* 307 Mich. 575, said with reference to Kosiba:

"The record shows that one of the defendants, Peter Kosiba, an operator of a mutuel house known as 'Western Union,' had a commercial banking account with an average monthly balance of approximately $38,000, and that the deposits in this account from March 21, 1938, to March 1, 1940, totalled $735,406.44."

At the time the money was taken from the home of Peter Kosiba and the plaintiff, the latter told the officers that it belonged to her, although it does not appear that she at the time interposed any objection to its being taken. Later she demanded that it be returned to her, which demand was refused. On May 24, 1945, she filed her petition in the Wayne circuit court asking that a writ of mandamus issue to compel the defendants, who then comprised the Wayne county board of auditors, to pay to her the sum of money in question.

On the trial in circuit court plaintiff did not testify in her own behalf. She undertook to support her claim of ownership of the money seized by the officers and turned over to the county, by the testimony of her husband, Peter Kosiba. The latter admitted that he had engaged for some time in gambling operations and testified further that plaintiff knew of such activities on his part. He further claimed that plaintiff was interested in an automobile business carried on by a corporation of which he was the president, and stated that whatever money plaintiff made from said business was deposited in certain bank acounts. With reference to the money involved in the present suit, Kosiba testified that he had given it all to plaintiff from time to time in ''small change'' that he happened to have in his pocket. In answer to the court's question with reference to the source from which the money was received by him he declined to state that all of it came from the so-called policy racket, claiming that he made some money from time to time in card or crap games with friends, which money he also gave to plaintiff. He made no claim that any of the money that he gave to plaintiff came from any source, or sources, other than as indicated.

From the testimony before him the trial judge concluded that the money came into the hands of Peter Kosiba as the proceeds of illegal and criminal gambling, and that because of the circumstances under which plaintiff acquired it she was not entitled to a writ of mandamus to compel its payment to her. An order was accordingly entered denying the relief sought, and plaintiff has appealed.

The record fully supports the findings of the trial court as to the source from which the money came. Kosiba received it in the course of his gambling operations and gave it to plaintiff who knew of her

husband's unlawful activities.   The question before us is, in brief, whether plaintiff is entitled to the relief sought by her in this proceeding.   It has been repeatedly declared by this Court in prior cases that mandamus is a discretionary remedy and that the writ is one of grace and not of right.   *Toan* v. *McGinn,* 271 Mich. 28; *Quandt* v. *Schwass,* 286 Mich. 433; *Powers* v. *Secretary of State,* 309 Mich. 530; *Winter* v. *Royal Oak City Manager,* 317 Mich. 259. The general principles controlling its issuance were summarized in *McLeod* v. *State Board of Canvassers,* 304 Mich. 120, 125, as follows:

"Writ of mandamus will issue to compel public officers and tribunals to perform their duties, when right is clear and specific.   *National Bank of Detroit* v. *State Land Office Board,* 300 Mich. 240.

"Writ of mandamus lies only to enforce performance of clear legal right or ministerial duty.   *Home Insulation Co.* v. *State Board of Tax Administration,* 298 Mich. 657.

"The primary purpose of the writ of mandamus is to enforce duties created by law.   *Waterman-Waterbury Co.* v. *School District No. 4,* 183 Mich. 168.

"Mandamus will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts but is designed to enforce a plain, positive duty upon the relation of one who has a clear legal right to have it performed, and when there is no other adequate legal remedy.   *Toan* v. *McGinn,* 271 Mich. 28.

"The writ of mandamus is a discretionary writ and should not issue unless there is a clear legal duty on the part of the defendant, and a clear legal right in plaintiff to the discharge of that duty. *Taylor* v. *Isabella Circuit Judge,* 209 Mich. 97; *Smith* v. *Wagner,* 234 Mich. 428; *Miller* v. *City of Detroit,* 250 Mich. 633; *Toan* v. *McGinn, supra.*

"Mandamus issues only to compel the recognition of a clear legal right or the performance of a legal duty; it does not issue so long as the right or the duty is disputed or doubtful. *Post* v. *Sparta Township Board,* 63 Mich. 323; *Peck* v. *Kent County Supervisors,* 47 Mich. 477."

Plaintiff cites and relies on *Bitonti* v. *Wayne County Auditors,* 311 Mich. 322. There the plaintiffs presented separate petitions for the return of money that had been taken from them by officers who did not have a search warrant, which money was later turned over to the defendant board of auditors in like manner as in the case at bar. No criminal prosecution was instituted against any of the plaintiffs. On the hearing each testified in his own behalf to the ownership of the money taken from him and there was no showing that any of the plaintiffs had received such money in illegal gambling transactions, or otherwise unlawfully. On the basis of the facts actually shown the trial court granted relief and this Court affirmed the order. The case at bar presents a materially different situation as to the facts. Plaintiff bases her right to recover, as testimony offered in her behalf clearly indicates, on the ownership of money received as a gift from her husband who obtained possession of it in the course of his unlawful gambling operations.

Plaintiff, also, cites and relies on *Kearney* v. *Webb,* 278 Ill. 17 (115 N. E. 844, 3 A. L. R. 1631). There the plaintiffs sought in an action of assumpsit to recover money taken from plaintiffs' agents and employees, who were acting on behalf of plaintiffs in the operation of a gambling business. The defense to the action was based on the claim that at the time of the seizure the money was being used in the furtherance of illegal gambling. It does not

appear from the opinion of the court, however, that there was any showing, or in fact any claim, that the money in dispute had been received by plaintiffs as the proceeds of the illegal business. Neither does it appear that any claim was made that pertinent statutes of the State permitted the confiscation of money so used on the theory that it should, under such circumstances, be placed in the general category of gambling paraphernalia. On the basis of the record in the case plaintiffs were held entitled to recover. Obviously, the decision may be distinguished from the instant case on the basis of the facts. It may be noted also, in passing, that this Court held in *People* v. *Krol,* 304 Mich. 623, that money used as a prize in gambling operations should be regarded as "material of gaming," under the provisions of Act No. 328, § 308, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–308, Stat. Ann. § 28.540).

In *Hofferman* v. *Simmons,* 290 N. Y. 449 (49 N. E. [2d] 523), plaintiffs brought actions in replevin to recover moneys taken from them by police officers of New York city. Defendants claimed that plaintiffs were not entitled to recover because they had received the money in unlawful gambling operations. Motions for summary judgments in plaintiffs' favor were granted in the lower court. The court of appeals reversed the judgments. In concluding that the defense raised was meritorious, it was said in part:

"Nonetheless no one of these plaintiffs may recover if, upon a trial of the facts in his case, it shall appear that his only claim to these moneys arises from his receipt of them in the form of bets made with him while he is doing business as a professional gambler."

In the case at bar the testimony of plaintiff's husband clearly indicates that he came into possession of the money as proceeds from his unlawful course of conduct. It is not disputed that plaintiff knew the nature of the business in which he was engaged. Plaintiff's claim rests on the basis of a gift to her of the money taken by the officers from the safe in the Kosiba home. In view of the nature of plaintiff's claim and the basis therefor the trial court did not abuse his discretion in holding that she was not entitled to a writ of mandamus. The order from which plaintiff has appealed is therefore affirmed, with costs to defendants.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.