MARTUCCI v. DETROIT COMMISSIONER OF POLICE.

1. MANDAMUS—GAMING—MONEY SEIZED BY POLICE.

Money which has been seized by the police should not be ordered by a court by mandamus returned to the person from whom taken, where it is admittedly the proceeds of gambling and admittedly belonged to some one other than the person from whom taken.

2. GAMING—RECOVERY OF SEIZED MONEY IN MANDAMUS PROCEEDINGS NOT DEPENDENT ON OUTCOME OF CRIMINAL CASE.

Money seized by police officers which is admittedly the proceeds of gambling, cannot be recovered ·in mandamus proceedings irrespective of whether criminal prosecution against former possessor resulted in conviction or dismissal, there being unlike rules of evidence applicable in the two proceedings.

3. EVIDENCE—CRIMINAL CASES—NONCRIMINAL CASES.

There are but two classes of cases recognized as requiring different rules of proof: (1) criminal cases, where a conviction is warranted only by proof beyond a reasonable doubt, and (2) cases not criminal, where a preponderance of proof satisfies the legal requirement.

4. SAME—PROOF NECESSARY IN CIVIL CASES—PREPONDERANCE OF THE EVIDENCE.

The proof necessary in a civil case, such as mandamus is only a preponderance of the evidence which is, simply, that evidence which outweighs that offered to oppose it.

5. SEARCHES AND SEIZURES—EVIDENCE—MAGISTRATE'S FINDING—MANDAMUS.

Notwithstanding finding of examining magistrate that there had been an unlawful search and seizure of money seized by police

REFERENCES FOR POINTS IN·HEADNOTES

[1, 2] 24 Am. Jur., Gaming and Prize Contests, § 50.
[3] 20 Am. Jur., Evidence, §§ 1248, 1256.
[4] 20 Am. Jur., Evidence, §§ 1248, 1250.
[5, 6] 47 Am. Jur., Searches and Seizures, § 71.

officers without a search warrant, where testimony shows plaintiff in mandamus proceeding to compel return of money seized admitted the police officers to his home and consented to the search, evidence supports finding of a lawful search and seizure.

6. Same—Waiver of Issuance of Search Warrant.
   One may waive the issuance of a search warrant and by consent permit the search of his premises.

Appeal from Wayne; Webster (Clyde I.), J. Submitted June 8, 1948. (Calendar No. 43,917.) Decided September 8, 1948.

Petition by Joe Martucci against John F. Ballenger, Commissioner of Police, Detroit Police Department, for writ of mandamus compelling the return of seized money. Writ granted. Defendant appeals. Reversed.

*Raymond J. Kelly*, Corporation Counsel, and *Nathaniel H. Goldstick*, Assistant Corporation Counsel, for defendant.

North, J. This is an action by the appellee, Joe Martucci, for mandamus to compel the return to him of $599.91, which is in the possession of appellant. The circuit court issued the writ of mandamus directing appellant to return the money to appellee and this appeal followed.

The money is admittedly the proceeds of unlawful gaming; more particularly from the running of a baseball pool. It came into possession of appellant on May 2, 1947, when three police officers of Detroit, Michigan, in answer to a complaint, arrested the appellee herein and one Frank Tripp at the latter's residence where they found them in possession of gambling paraphernalia. The arrest was made without a warrant. The officers then accompanied the appellee, Martucci, to his home which they entered

with the consent of the appellee after he had opened the door for them. Here they confiscated more gambling paraphernalia, among which was a cigar box containing the money the return of which is herein sought, as well as several cancelled baseball pool tickets.

Charges were preferred against the appellee and Tripp for possession of gambling paraphernalia. The examining magistrate dismissed the complaint because he concluded that there had been an unlawful search and seizure, and in consequence the testimony before him was not sufficient to hold the defendants for trial. The circuit judge in granting the writ of mandamus in this civil action did so on the ground that he was bound by the finding of the examining magistrate that there had been an unlawful search and seizure.

The main issue in this case is whether or not the writ of mandamus should have been issued by the trial court. However, in determining that issue there are three questions presented by appellant first to be considered. They are:

"1. Where the police seize money that is admittedly the proceeds of gaming, should the court order its return by mandamus to the person from whom the money was taken?

"2. Does the dismissal of the criminal case on technical grounds establish the right of the gambler to the return of the money seized?

"3. Where the police claim the search and seizure was valid, is the civil court in a proceeding for the return of the money bound by the decision of the examining magistrate in the criminal case?"

In answer to the first of these questions, we are of the opinion that in this case the circuit court should not have ordered the return of this money to appellee. In the first place this money is admittedly gambling money; and in the second place, appellee

by his own admissions has established that this money belongs to another person than himself, someone called "Vic".

It is true that in the cases of *Robinson* v. *Inches,* 220 Mich. 490, and *Bitonti* v. *Wayne County Auditors,* 311 Mich. 322, we held that money seized in a like manner as in this case should be returned. But in neither of these cases was there an admission that it was gambling money. In fact, there was very little evidence that it was gambling money at all. However, in *Kosiba* v. *Wayne County Board of Auditors,* 320 Mich. 322 (1948), we held that mandamus would not issue to compel the return of money which the plaintiff knew was received as a result of gambling. Also, in *Robinson* v. *Inches, supra,* in our opinion we said: "It being established that plaintiff is entitled to the money, * * * there remains to be done by defendants a single, official, ministerial act —returning the money." Thus it is seen that the Court in that case was moved by the fact that the plaintiff was entitled to the money, as well as the fact that there was not sufficient evidence that it was gambling money. But in this case the appellee by his own admissions has shown that he is not entitled to the money.

Our answer to the second question must also be in the negative. In *Kosiba* v. *Wayne County Board of Auditors, supra,* although there was a conviction in the criminal proceedings, our decision in the civil action in refusing the writ of mandamus was based on the fact that the money was actually gambling money. Likewise, in the instant case we hold that the money, admittedly the proceeds of gambling, cannot be recovered by mandamus. The dismissal of the criminal proceedings for technical reasons does not in any way alter such result.

On the question of whether or not the court in the civil action is bound by the determination of the

examining magistrate in the criminal case, we hold that it is not. For one thing the rules of evidence governing the two cases are unlike. In *Stephenson* v. *Golden,* 279 Mich. 710, at page 734, we said:

"There are but two classes of cases recognized as requiring different rules of proof—criminal cases, where a conviction is warranted only by proof beyond a reasonable doubt; and cases not criminal, where a preponderance of proof satisfies the legal requirement."

Conviction of plaintiff herein in the criminal proceedings would have required proof beyond a reasonable doubt. But in this civil matter the rule of evidence as to proof necessary is only a preponderance of the evidence, which, as defined in *Strand* v. *C. & W. M. Ry. Co.,* 67 Mich. 380 (4 Am. Neg. Cas. 70), is: " 'Simply that evidence which outweighs that which is offered to oppose it.' "

Notwithstanding the examining magistrate concluded that there had been an unlawful search and seizure, there is sufficient evidence in this record to sustain a finding of a lawful search and seizure. The testimony shows that the appellee voluntarily admitted the police officers into his home and consented to their search. This obviated the necessity for issuance of a search warrant, and resulted in a lawful search and seizure. See *People* v. *Chyc,* 219 Mich. 273; *People* v. *Weaver,* 241 Mich. 616 (58 A. L. R. 733); *People* v. *Overton,* 293 Mich. 44; *People* v. *Bommarito,* 309 Mich. 139; and *People* v. *Ormsby,* 310 Mich. 291. In *People* v. *Weaver, supra,* at page 619, we said:

"As a general rule it may be stated that the authorities agree to the proposition that one may waive the issuance of a search warrant and by consent permit the search of his premises."

In the recent case of *People* v. *Alicki*, 321 Mich. 701, 707, we said:

"Inasmuch as the slot machines were discovered and seized following a permitted entrance, it cannot be considered there was an unreasonable search and seizure."

For the above reasons we are of the opinion that the writ of mandamus should not have issued, and that the order of the trial court should be vacated. It is so ordered. Costs to appellant.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.