HARTWICK v. SANILAC DRAIN COMMISSIONER.

1. STATUTES—CONSTRUCTION—INTENT.

> The provisions of a statute must be construed together and, if possible, harmonized; the basic inquiry being as to the legislative purpose and intent.

2. DRAINS—NEW DRAINS—WIDENED DRAINS—BRIDGES—PASSAGEWAYS—CONSTRUCTION OF STATUTE.

> Statutory requirement that "1 bridge or passageway across" a newly-constructed drain traversing a farm to connect the disconnected portions and provision that when drain is widened, deepened, straightened or relocated there "shall be constructed the necessary bridges or culverts as part of such improvements" are so construed as not having intended to provide a distinction between accommodations afforded, it being reasonably clear that the legislature intended to insure that the property owner be afforded a reasonable and adequate means of proceeding from one portion of his farm across the drain to and upon the other portion (CL 1948, § 272.2).

3. SAME—CROSSINGS—QUESTION OF FACT—DISCRETION OF DRAIN COMMISSIONER.

> The type of construction provided for crossing a public drain, newly-constructed or enlarged, does not rest wholly in the discretion of the drain commissioner under statute imposing upon him the duty to provide the necessary means of crossing such drain, the type of construction called for being an issue of fact (CL 1948, § 272.2).

4. SAME—DISCONNECTED PARTS OF FARM—SUFFICIENCY OF CROSSINGS.

> Passageway consisting of a slab of cement on bottom of drain 70' in width at top, 40' in width at bottom and 9' deep held, not to constitute a compliance with provision of drain law that when drain traverses a farm the disconnected portions be connected with the necessary bridges or culverts, where testimony shows that large quantities of sand and silt are washed down the drain and proposed passageway would not be passable at certain seasons of the year (CL 1948, § 272.2).

---

REFERENCES FOR POINTS IN HEADNOTES

[2–5] Generally as to drains and sewers, see 17 Am Jur, Drains and Sewers.
[6] 34 Am Jur, Mandamus § 40. ·
[7, 8] 34 Am Jur, Mandamus § 197.

5. SAME—DISCONNECTED PARTS OF FARM—BRIDGES.

Owners of farm traversed by public drain 70' wide at top, 40· wide at bottom and at least 9' deep in places *held,* entitled to such a bridge across the drain as will provide reasonable access from one part of the property to the other (CL 1948, § 272.2).

6. MANDAMUS—WRIT OF GRACE.

Mandamus is a writ of grace and not of right.

7. DRAINS—DISCONNECTED PARTS OF FARM—BRIDGES—MANDAMUS.

The remedy of mandamus to compel drain commissioner to con-struct a bridge across large drain which traversed plaintiff's farm is available to plaintiff under pertinent statute, the right to such remedy being clear and specific (CL 1948, § 272.2).

8. MANDAMUS—REMAND—FURTHER PROOFS—BRIDGE ACROSS DRAIN.

Mandamus proceeding to compel drain commissioner to construct a bridge across large drain which traversed plaintiff's farm is ordered remanded for purposes of taking testimony in order to determine the precise character of the bridge to be constructed, where trial court had denied relief sought on erroneous ground that drain commissioner had complete dis-cretion in providing the means of crossing the drain (CL 1948, § 272.2).

Appeal from Sanilac; Noe (Alton H.), J., presiding. Submitted January 5, 1954. (Calendar No. 45,678.) Decided February 18, 1954.

Mandamus by Verna Mae Hartwick, trustee, against J. Neil Muir, Drain Commissioner of Sanilac county, to compel construction of bridge over drain traversing farm property, under provisions of drain law. Writ dismissed. Plaintiff appeals. Reversed and remanded.

*Leonard J. Paterson,* for plaintiff.

*Charles W. Rigney,* for defendant.

CARR, J. Plaintiff trustee, having been duly authorized by the probate court of Sanilac county,

brought this action in circuit court on behalf of her minor children who are the owners of a certain farm crossed from east to west by a public drain known as the Elk Creek drain. The defendant is the drain commissioner of Sanilac county. Prior to the institution of the proceeding that has resulted in this case the occupants of the property, which is divided by said drain, crossed from one side to the other by fording. The testimony indicates that said drain was in part a natural watercourse and that at the place where the ford was maintained the bottom of the stream was covered with sand or gravel, or a combination of the two, and that it was feasible to cross in the manner indicated with heavy loads including threshing machines and other farm machinery.

In 1948 a petition was presented to defendant under the general drain law* for the cleaning out, widening and deepening of the drain. No question has been raised as to the validity of the procedure taken. It resulted in the drain being substantially enlarged. The record indicates that through the farm referred to it is 70 feet in width at the top, 40 feet at the bottom, and that the depth at the place where the drain was formerly forded is 9.1 feet. Apparently the depth varies from place to place, and doubtless the same situation obtains as to other dimensions. In connection with the improvement defendant adopted the plan of installing bridges across the reconstructed drain only at points where such structures had previously been maintained. To connect the portions of the farm here involved, divided by said drain, he proposed a concrete passageway consisting of a slab of cement on the bottom of the drain and for a portion of the distance up the banks on the sides. Apparently 9 of such passageways had been in-

---

* PA 1923, No 316, as amended (CL 1948, § 261.1 et seq. [Stat Ann 1952 Rev § 11.1 et seq.]).

stalled, at the time of the trial of this matter in circuit court, by defendant at places other than on said farm. On behalf of their children plaintiff and her husband objected to the proposed method of crossing the drain, insisting that it would be inadequate for the conducting of proper and necessary farming operations, and asking for a bridge in lieu thereof. The defendant declined to comply with the request, claiming that the concrete passageway would be adequate, that it would be more economical than a bridge, and giving as a further reason that the cost of the improvement had exceeded the estimates on which the drain assessment was based. Thereupon plaintiff sought a writ of mandamus in circuit court to compel the construction of a bridge across the drain on the farm of her children.

After listening to the testimony of the parties and the arguments of counsel, the circuit judge who heard the matter came to the conclusion that plaintiff was not entitled to the relief sought, primarily on the ground that under pertinent provisions of the drain law the defendant commissioner is granted discretionary authority to construct such means of crossing a drain, either newly constructed or widened, as he may determine to be proper. No finding was made as to the actual adequacy of the passageway proposed in the instant case, it being the conclusion of the circuit judge, as indicated, that the judgment of the defendant was final. An order was entered dismissing plaintiff's petition and, on leave granted, she has appealed to this Court.

The statutory provisions in question are found in chapter 12, § 2, of the general drain law (CL 1948, § 272.2 [Stat Ann 1952 Rev § 11.111]). Insofar as material, said section reads as follows:

"As part of such drain, there shall be constructed at least 1 bridge or passageway across such drain connecting the highway (except limited access high-

ways established under Act No 205 of the Public Acts of 1941), with each farm entrance, and when a drain crosses a farm or any portion thereof, there shall be constructed 1 bridge or passageway across said drain connecting the portions of said farm disconnected by said drain, which bridge or passageway shall also be charged in the first instance as a part of the construction of such drain, after which such bridge or passageway shall be maintained by the owner of the land: Provided further, That in the event the drain commissioner shall make future improvements such as widening, deepening, straightening or relocating such drain (but not cleanout alone), there shall be constructed the necessary bridges or culverts as part of such improvements."

On behalf of plaintiff it is contended that the specific language of the statute, particularly the final proviso above quoted, entitles the owners of land crossed by an improved and enlarged drain to either a bridge or a culvert, that a passageway is excluded because not specifically named in the proviso. It will be noted, however, that in the case of the initial construction of a public drain crossing a farm a "bridge or passageway" is required. The trial judge concluded that it was not the intention of the legislature to make a distinction between a newly-constructed drain and an enlarged and improved drain. We think that such interpretation is correct. The provisions of a statute must be construed together and, if possible, harmonized. The basic inquiry is as to the legislative purpose and intent. We think that it is reasonably clear that in the enactment of the statute and of the amendments thereto it was intended to insure that an owner of property crossed by a public drain, whether newly-constructed or improved, should be afforded a reasonable and adequate means of proceeding from one portion of his farm across the drain to and upon the other portion. If a passageway of the character contemplated by defendant in

the instant case, or perhaps of some different type of construction, is feasible and adequate for crossing an enlarged and improved drain such construction would constitute a compliance with the statute.

Does the type of construction provided for crossing a public drain, newly-constructed or enlarged, rest wholly in the judgment of the drain commissioner? We cannot agree with the position of the trial court on this phase of the case. The statute does not in terms grant any such discretionary authority. Rather, it prescribes in specific language the duty of the drain commissioner to construct *necessary* means of crossing such drain. The type of construction required in any given instance obviously presents an issue of fact. Whether in the instant case the method of crossing proposed by the defendant will be reasonably adequate and feasible for the purpose for which it is to be used must be determined from the proofs. Our examination of the testimony brings us to the conclusion that a concrete passageway of the type of construction proposed will not constitute a compliance with the statute. The dimensions of the drain are such as to suggest the difficulty of crossing on such passageway with heavy loads of farm produce and with heavy machinery. The slope of the banks is approximately 30%. The testimony indicates that large quantities of sand and silt are washed down the drain, and it seems to be conceded by defendant that at certain seasons of the year the passageway that he has proposed, if constructed, would not be passable. The testimony of witnesses produced by plaintiff as to the situation at other points where concrete passageways of the proposed type have been placed indicates that they are, in a drain of the character here involved, not reasonably adequate for the required use. Without discussing the testimony in detail, the conclusion cannot be avoided that the owners of this farm, whom plaintiff

represents, are entitled to a bridge of such type of construction as will provide reasonable access from one part of the property to the other.

We are not unmindful of the general rule that mandamus is a writ of grace and not of right. The general principles involved in determining whether the writ shall issue in a given case were discussed at some length in *Kosiba* v. *Wayne County Board of Auditors,* 320 Mich 322. There is, however, no serious question as to the duty of a court in an instance where the right to such remedy is clear and specific. *National Bank of Detroit* v. *State Land Office Board,* 300 Mich 240; *Bitonti* v. *Wayne County Auditors,* 311 Mich 322. Under the provisions of the statute above quoted, by which defendant is bound, the right of the property owners is of the nature suggested.

The case is remanded to the trial court with directions to set aside the order dismissing plaintiff's petition, and to enter in lieu thereof an order granting to her the relief sought. If found necessary or expedient, further proofs may be taken for the purpose of determining the precise character of the bridge to be constructed. An order will enter accordingly, with costs to plaintiff.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.