LOBAIDO v. DETROIT POLICE COMMISSIONER

1. MANDAMUS—DISCRETION—DISPUTED FACTS.
    Mandamus is a discretionary writ but it will not lie to compel
    a public officer to perform a duty dependent upon disputed
    facts.

2. GAMING—DISPOSITION OF SEIZED MONEY—SUMMARY JUDGMENT.
    Summary judgment must be set aside and cause remanded to
    enable plaintiff to establish that money was not the proceeds
    of gambling and that he is entitled to it, where the money
    was seized by police in a gambling raid under authority of
    a valid search warrant and turned over to a city without a
    hearing, and plaintiff, the owner of the money, sought a writ
    of mandamus ordering its return to him, which was granted
    by summary judgment.

Appeal from Wayne, Swainson (John B.), J. Submitted Division 1 May 9, 1968, at Detroit. (Docket No. 4,428.) Decided December 23, 1968. Rehearing denied June 13, 1969.

Complaint by Joseph Lobaido and Rose Lobaido for writ of mandamus against Herbert W. Hart, commissioner of police for the city of Detroit, and his officers and agents to recover money seized from the Lobaido home by officers of the Detroit police department. Summary judgment for plaintiff. Defendants appeal. Reversed and remanded for trial.

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Mandamus §§ 40, 41, 61.
[2] 41 Am Jur, Pleading §§ 340–343.

*Arthur J. Koscinski,* for plaintiff.

*Robert Reese,* Corporation Counsel, and *William P. Doran* and *John E. Cross,* Assistants Corporation Counsel, for defendants.

R. B. BURNS, J.  Defendants appeal the entry of a summary judgment for plaintiffs granting a writ of mandamus which ordered the return of certain money to plaintiffs.

The Detroit police department seized the money with gambling apparatus while conducting a search of the plaintiffs' residence under the authority of a valid search warrant.  Subsequently, plaintiff Joseph Lobaido was convicted of conspiracy to violate the gaming laws.  After Joseph Lobaido was released from prison he and his wife instituted this action seeking a writ of mandamus to compel the Detroit police department to return the money to plaintiffs.  The action was tried before Judge Culehan who died before rendering a decision.  Later, over the objections of defendants, plaintiffs were permitted to amend their petition and plead a breach of a statutory duty by defendants.*

---

* CLS 1961, § 750.308(a)  (Stat Ann 1954 Rcv § 28.540[1]):

"On application of a sheriff, chief of police of a police department, commissioner of the Michigan state police, or other peace officer, a court or magistrate of competent jurisdiction may upon due notice and hearing turn over to said sheriff, chief of a police department, commissioner of the Michigan state police, or peace officer, any articles or property listed under the provisions of section 308 of this chapter lawfully seized by any such peace officer for such disposition as the court or magistrate shall prescribe, or said court or magistrate may provide for the destruction or other disposition of said articles or property.

"Any funds derived from the disposition of any such articles or property shall be turned over to the treasurer of the city, township or county whose law enforcement officer made application for the disposition of such articles or property, or to the state treasurer if such application is made by the commissioner of the Michigan state police."

Defendants assert the trial court erred by allowing plaintiffs to amend their complaint so late in the proceedings. CLS 1961, § 600.2301 (Stat Ann 1962 Rev § 27A.2301) provides that the court may allow amendments at any time prior to the judgment. The trial court did not abuse its discretion by allowing the amendment.

While mandamus is a discretionary writ it will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts. *Toan* v. *McGinn* (1935), 271 Mich 28. In *Kosiba* v. *Wayne County Board of Auditors* (1948), 320 Mich 322, plaintiff sought a writ of mandamus to recover money seized by the police. The Court on page 328 quoted from *Hofferman* v. *Simmons,* 290 NY 449 (49 NE 2d 523):

" 'Nonetheless no one of these plaintiffs may recover if, upon a trial of the facts in this case, it shall appear that his only claim to these moneys arises from his receipt of them in the form of bets made with him while he is doing business as a professional gambler.' "

Defendants by summarily turning the money over to the city without a hearing acted improperly and their actions are not approved. However, it has not been clearly established that plaintiffs are in fact entitled to the return of the money. Under *Kosiba, supra,* if the money is found to be the proceeds of gambling plaintiffs are not entitled to it.

The summary judgment is set aside and the cause is remanded for trial. Costs to appellants.

LEVIN, P. J., and DALTON, J., concurred.