*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER WAYNE STOKES,

Defendant-Appellant.

FOR PUBLICATION
August 20, 2020
9:10 a.m.

No. 348471; 348472
Wayne Circuit Court
LC No. 13-007518-01-FC;
13-007545-01-FC

Before: REDFORD, P.J., and METER and O'BRIEN, JJ.

REDFORD, P.J.

In Docket No. 348471, a jury convicted defendant, Christopher Wayne Stokes, on February 11, 2014, of carjacking, MCL 750.529a(1), and armed robbery, MCL 750.529. The trial court sentenced defendant, as a second-offense habitual offender, MCL 769.10, on March 20, 2014, to concurrent terms of 18 to 30 years' imprisonment for each conviction. Defendant appealed his convictions and sentences. *People v Stokes*, 312 Mich App 181; 877 NW2d 752 (2015), vacated in part 501 Mich 918 (2017). This Court affirmed his convictions but remanded and ordered the trial court to follow the *Crosby*[1] procedure. On remand the trial court resentenced defendant to 18 to 30 years' imprisonment for each conviction. Defendant now appeals as of right. We affirm.

In Docket No. 348472, a jury convicted defendant on October 20, 2014, of carjacking and armed robbery. The trial court sentenced defendant on November 17, 2014, as a second-offense habitual offender, to concurrent terms of 20 to 30 years' imprisonment for each conviction. Defendant appealed his convictions and sentences. *People v Stokes*, unpublished per curiam opinion of the Court of Appeals, issued March 15, 2016 (Docket No. 325197). This Court remanded and ordered the trial court to follow the *Crosby* procedure, and on remand the trial court sentenced defendant to concurrent terms of 20 to 30 years' imprisonment for each conviction. Defendant now appeals as of right. We affirm.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

# I. BACKGROUND

The trial court granted defendant resentencing in both cases and held a combined resentencing hearing on March 15, 2019. The trial court noted that, in addition to listening to counsel and defendant at the hearing, it had reviewed the new presentence investigation reports (PSIR) and the opinions from this Court. Finding no error in its previous assessment of the factors under the advisory sentencing guidelines, and not being persuaded by defense counsel that changes were warranted to defendant's previous sentences, the trial court resentenced defendant to the same sentences it imposed at defendant's original sentencing hearings.

# II. ANALYSIS

In both appeals, defendant argues that he is entitled to resentencing on the ground that the trial court violated his due-process rights by considering acquitted conduct in determining his sentences. We disagree.

Defendant failed to preserve this issue in the trial court. "This Court reviews unpreserved issues alleging constitutional error for plain error affecting a defendant's substantial rights." *People v Heft*, 299 Mich App 69, 78; 829 NW2d 266 (2012). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and citation omitted).

In *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019), our Supreme Court held "that due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." In other words, "Once acquitted of a given crime, it violates due process to sentence the defendant as if he committed that very same crime." *Id*. at 609. Our Supreme Court remanded for resentencing in *Beck* "[b]ecause the trial court in [that] case relied at least in part on acquitted conduct when imposing sentence for the defendant's conviction . . . ." *Id*. at 609-610.

In *People v Roberts (On Remand)*, ___ Mich App ___; ___ NW2d ___ (2020) (Docket No. 339424), this Court recently explained the scope of application of the principle articulated in *Beck*. The defendant and his friend were in a nightclub when someone shot a patron and they and other patrons fled outside where the defendant passed a gun to his friend as they advanced toward a group of people. The defendant's friend fired shots and passed the gun back to the defendant and the two of them fled the scene. The police pursued them and an officer saw the defendant dispose of the gun which the police later retrieved. The jury convicted the defendant of being a felon in possession of a firearm and of possession of a firearm during the commission of a felony but acquitted him of assault with intent to murder under an aiding and abetting theory. The sentencing court considered the background facts of the incident for its Offense Variable scoring under the advisory sentencing guidelines and imposed an upward departure sentence. The defendant argued

on appeal that the sentencing court violated the principle articulated in *Beck* by considering facts unrelated to the offenses of which the jury convicted him entitling him. *Roberts*, ___ Mich App at ___; slip op at 2-4,6. This Court disagreed and explained:

> It has long been understood that failure to persuade a jury beyond a reasonable doubt is not conclusive as to proofs under the less stringent preponderance of the evidence standard. *Stone v United States*, 167 US 178, 188-189; 167 S Ct 778; 42 L Ed 127 (1897); *Martucci v Detroit Comm'r of Police*, 322 Mich 270, 273-274; 33 NW2d 789 (1948). Nevertheless, our Supreme Court has recently taught us that sentencing courts may not consider any "acquitted conduct" in crafting their sentences, although they remain free to consider "uncharged conduct." *Beck*, 504 Mich at 626–627. "Acquitted conduct" means any "conduct . . . underlying charges of which [the defendant] had been acquitted." United States v Watts, 519 US 148, 149; 117 S Ct 633; 136 L Ed 2d 554 (1997), cited by *Beck*, 504 Mich at 609 n 1. We infer from this broad definition that under *Beck*, a sentencing court must consider a defendant as having undertaken no act or omission that a jury could have relied upon in finding the essential elements of any acquitted offense proved beyond a reasonable doubt. Nevertheless, as we will discuss in more detail below, *Beck* expressly permits trial courts to consider uncharged conduct and any other circumstances or context surrounding the defendant or the sentencing offense. [*Id.* at ___; slip op at 4-5.]

> \* \* \*

> The trial court explicitly declined to hold defendant responsible for "what happened in the night club," implicitly meaning the trial court did not consider any victims placed in danger by the shooting of which defendant was acquitted. Nevertheless, we agree with the trial court that a substantial and qualitative difference exists between possessing contraband in one's own home, and unlawfully possessing and passing around a concealed firearm in a crowded bar during a shooting. Nothing in *Beck* precludes a sentencing court from generally considering the time, place, and manner in which an offense is committed. We conclude that *Beck* does not exclude from consideration the contextual fact that the acquitted conduct was committed by someone, so long as that conduct is not actually attributed to the defendant. Irrespective of whether defendant participated in the shooting, the context within which he committed the offense of felon-in-possession intrinsically placed people in grave danger. We therefore reiterate our previous conclusion that the trial court was justified in finding that defendant's actions placed at least 10 victims in danger of physical injury or death. The trial court therefore did not err in assigning 25 points under OV 9. [*Id.* at ___; slip op at 5.]

This Court explained further:

> As discussed, the definition of "acquitted conduct" covers a broad range of conduct. Nevertheless, we do not understand *Beck* to preclude all consideration of the entire *res gestae* of an acquitted offense. . . . We conclude that even under *Beck*,

-3-

a sentencing court may consider, for example, the fact that a felon on probation bringing a concealed gun into a crowded nightclub demonstrates—at a minimum— an appallingly reckless disregard for the predictable outcome. Defendant may not be deemed to have provided a weapon for the purpose of shooting it into a crowd, nor can defendant be deemed to have "allowed" the shooting. Nevertheless, defendant can certainly be deemed to have knowingly acted in a manner that drastically increased the likelihood that such a tragedy, whether or not this particular tragedy, would occur. As discussed above, the trial court appropriately observed that it is "one thing" to illegally possess a gun in one's own home, but quite another to introduce an illegally possessed and concealed gun into an environment that was already chaotic and unstable. [*Id*. at ___; slip op at 6-7.]

This case significantly differs from *Beck* and *Roberts*; nevertheless, defendant argues that the trial court violated the principle articulated in *Beck* because it reviewed the PSIRs in each case which contained information about acquitted conduct. Defendant further argues that "[t]he practice of including information on acquitted charges in the presentence report should stop, as it violates [d]ue [p]rocess for a sentencing judge to consider it." We disagree.

As explained in *Beck*, a sentencing court may not rely even in part on acquitted conduct when imposing a sentence for the defendant's conviction. In *Roberts* this Court clarified that sentencing courts do not violate that principle by considering the entire *res gestae* of an acquitted offense and *Beck* does not preclude a sentencing court from generally considering the time, place, and manner in which an offense of which a defendant has been convicted is committed. Neither *Beck* nor *Roberts* addressed whether the mere inclusion of a reference to a jury's acquittal of charged offenses in a different, separate case in the defendant's criminal history reported in a PSIR violates the principle articulated in *Beck*.

In these cases, defendant's lengthy criminal history reported in the PSIRs' adult criminal history sections, prepared by the Department of Corrections (DOC), that defendant had been arrested on July 24, 2013, and charged with carjacking and firearm offenses but a jury found him not guilty of the charges. Further, the PSIRs adjustment to parole sections similarly stated that, while on parole, defendant had been alleged of a carjacking and firearm offenses but in one case the jury found him not guilty of the charged offenses. The contents of the PSIRs were reviewed by the sentencing court in preparation for defendant's resentencing hearing. No evidence in the record, however, establishes that the trial court relied on acquitted conduct when resentencing defendant. The trial court did not reference any acquitted conduct during the resentencing hearing or even intimate that such conduct influenced its sentencing decisions.

We hold that a sentencing court may review a PSIR containing information on acquitted conduct without violating *Beck* so long as the court does not rely on the acquitted conduct when sentencing the defendant. *Beck* supports this conclusion. In *Beck*, our Supreme Court remanded for resentencing because the sentencing court unquestionably "*relied*" on acquitted conduct for its sentencing decision. A sentencing court that reviews a PSIR that merely contains information about acquitted conduct, however, does not necessarily rely on such information when sentencing a defendant. There must be some evidence in the record that the sentencing court relied on such information to warrant finding a *Beck* violation. Had the sentencing court specifically referenced acquitted offenses as part of its sentencing rationale, a *Beck* violation would be apparent. But

when PSIRs prepared by the DOC merely reference an acquittal by a jury of offenses in a separate and different case, and the sentencing court makes no reference to or expressly relies upon such acquitted offenses as part of its sentencing rationale, this Court cannot conclude that the sentencing court committed a *Beck* violation because such a conclusion would rest on speculation that acquitted conduct influenced the sentencing court's decision.

In the absence of evidence presented by the defendant demonstrating that a sentencing court actually relied on acquitted conduct when sentencing a defendant, the defendant is not entitled to resentencing. Because no evidence in the record in these cases establishes that the sentencing court relied on acquitted conduct referenced in the PSIRs when sentencing defendant, defendant has failed to establish his claims of error. Defendant has failed to establish the existence of any plain error that affected defendant's substantial rights and determined the outcome of the proceedings.

Affirmed.

/s/ James Robert Redford
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien