PEOPLE v. MARSHALL

1. ARREST — AUTOMOBILE THEFT — PROBABLE CAUSE — FAILURE TO HAVE REGISTRATION CERTIFICATE.

The inability of an automobile driver to produce, upon police request, a certificate of registration for the vehicle he is driving, whether that vehicle is licensed in this state or another, does not, in itself, give the police probable cause to arrest him and his passengers for automobile theft because honest citizens frequently fail to carry their registration certificates in their vehicles.

2. ARREST—AUTOMOBILE THEFT—PROBABLE CAUSE.

The inability of a driver of an automobile to produce a certificate of registration for the vehicle he is driving can con-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 44 et seq.

[2, 3] 47 Am Jur, Search and Seizure §§ 18, 19.

Lawfulness of search of motor vehicle following arrest for traffic violation. 10 ALR3d 314.

[4] 29 Am Jur 2d, Evidence § 418 et seq.

[5–7] 47 Am Jur, Search and Seizure § 71.

Validity of consent to search given by one in custody of officers. 9 ALR3d 858.

stitute probable cause for the police to arrest him and his passengers for automobile theft where there are additional factors, such as, the driver's inability to identify the automobile's owner, contradictory or improbable exculpatory statements, and noncompliance with other registration or licensing requirements, which in cumulative effect justify the arresting officers' conclusion that the vehicle was stolen.

3. SEARCHES AND SEIZURES—TRAFFIC OFFENSES—GENERAL SEARCH.
   The police do not have the right to make a general search of an automobile as an incident to an arrest for a traffic offense.

4. SEARCHES AND SEIZURES—STANDING TO OBJECT.
   The occupant of an automobile has standing to object to an allegedly illegal search and seizure of the contents of his briefcase in the trunk of the automobile where, at the time of the search, the occupant was under arrest and where the police were informed by the driver of the automobile that the briefcase belonged to the defendant.

5. SEARCHES AND SEIZURES—CONSENT TO SEARCH—BURDEN OF PROOF.
   The people have the burden of proving that a defendant freely and voluntarily consented to a search where the state contends that the search was consensual; the burden is particularly heavy where the defendant was under arrest at the time of the search.

6. SEARCHES AND SEIZURES—CONSENT TO SEARCH—POLICE REQUEST.
   The search of the trunk of an automobile and of the briefcase found in it was nonconsensual even if the defendant, the owner of the briefcase and an occupant of the automobile, and the owner of the automobile responded to a request of the police to open the trunk and the briefcase, where the defendant and the driver were under arrest at the time of the police request and where the defendant and the driver were not advised that they did not have to comply with the request.

7. SEARCHES AND SEIZURES—CONSENT TO SEARCH—POLICE REQUEST.
   A police "request" to the defendant, the owner of a briefcase and an occupant of an automobile, and to the driver of the automobile that they open the trunk of the automobile and the briefcase located in the trunk was an order and thus rendered the defendant's and the driver's acquiescence to the search nonconsensual where the defendant and the driver, standing on a street corner at night, were under arrest at the

time the "request" was made and had not been advised by
the police that they did not have to comply with the "request."

Appeal from Recorder's Court of Detroit, Frank
G. Schemanske, J. Submitted Division 1 May 13,
1970, at Detroit. (Docket No. 7,351.) Decided July
28, 1970.

Odell Marshall was convicted of possession of
marijuana. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,* Chief,
Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

Odell Marshall, *in propria persona.*

Before: R. B. BURNS, P. J., and LEVIN and
CHURCHILL,* JJ.

LEVIN, J. The defendant, Odell Marshall, appeals
his conviction of possession of marijuana. MCLA
§ 335.153 (Stat Ann 1957 Rev § 18.1123).

The marijuana was found in a briefcase in the
trunk of an automobile in which Marshall was a
passenger. His motion to suppress this evidence
was denied. The trial judge found the search reasonable and, in any event, valid because of the proviso to the search and seizure section of the Michigan
Constitution (Const 1963, art 1, § 11) which excepts
narcotics and certain dangerous weapons seized outside the curtilage of a dwelling from the exclusion-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ary rule making illegally-seized evidence inadmissible at trial. We reverse.

Marshall and his companions were stopped by police officers when the automobile in which they were riding ran a stop sign. The automobile was licensed in Ohio. The driver had an Ohio driver's license with him but could not produce a certificate of registration for the vehicle. He said it belonged to his brother, Marshall's father. (This was verified some time later.)

At the hearing one of the officers testified that they thought the car was stolen and informed its occupants that they were being arrested for auto theft. Marshall and his companions were patted down for offensive weapons; none were found. The officer said that they asked that the trunk be opened and then the briefcase, whereupon the marijuana was found.

We have concluded that the police did not have probable cause to arrest the occupants of the automobile. Merely because the driver of an automobile cannot produce evidence of its registration does not, standing by itself, provide a basis for a reasonable belief that it is stolen. Although the law requires a registration certificate to be carried in Michigan-licensed vehicles and a failure to do so is a misdemeanor,[1] and authorizes nonresidents to operate foreign-registered vehicles on a like condition,[2] noncompliance by honest citizens occurs with such frequency that it is not reasonable to believe an automobile to be stolen from that alone.

It appears from our research, which has been confined to cases decided in the last few years, that inability to produce a registration certificate has been held to provide a reasonable basis for believing

[1] MCLA § 257.255 (Stat Ann 1968 Rev § 9.1955).
[2] MCLA § 257.243 (Stat Ann 1968 Rev § 9.1943).

an automobile to be stolen in cases where there were other factors which in cumulative effect justified that conclusion, e.g., inability to identify the owner of the vehicle,[3] contradictory or improbable exculpatory statements[4] and noncompliance as well with other registration or licensing requirements.[5]

Since the officers did not have probable cause to arrest for auto theft, the search of the trunk cannot be justified as an incident to an arrest on that charge. Even if, in appraising the validity of the search of the trunk, we treat this case as if[6] the driver had been arrested for the motor vehicle violation or non-possession of a registration certificate, that would not validate the search. The police do not have the right to make a general search of an automobile as an incident to an arrest for a traffic offense. There are no fruits of a traffic offense to be found in the trunk of an automobile.[7]

When the trunk was opened and the briefcase was seen, an officer inquired who owned it. The officer who testified said the driver told them that it belonged to Marshall. Clearly the search of the brief-

[3] People v. Ceccone (1968), 260 Cal App 2d 886 (67 Cal Rptr 499); People v. James (1969), 1 Cal App 3d 645 (81 Cal Rptr 845, 846); Commonwealth v. Dussell (1969), 214 Pa Sup 1 (248 A2d 857, 859); People v. Mermuys (1969), 2 Cal App 3d 1083 (82 Cal Rptr 902, 904); Sewell v. United States (CA 8, 1969), 406 F2d 1289.

[4] People v. Ceccone, supra; Taylor v. State (Tex, 1967), 421 SW 2d 403, cert den 393 US 916 (89 S Ct 241, 21 L Ed 2d 201); Coykendall v. State (Fla, 1970), 230 So 2d 702, 703; People v. Mermuys, supra.

[5] Absence of a driver's license: People v. Ceccone, supra; Taylor v. State, supra; People v. James, supra; People v. Mermuys, supra; Sewell v. United States, supra; defective license plates, inspection certificates and other identifying marks: People v. James, supra; Coykendall v. State, supra; State v. Hock (1969), 54 NJ 526 (257 A2d 699, 701).

[6] See People v. McDonald (1968), 13 Mich App 226, 235; State v. Nolan (1966), 69 Wash 2d 961 (421 P2d 679); Coykendall v. State, supra.

[7] See People v. Gonzales (1959), 356 Mich 247; People v. James, supra.

case was directed at Marshall, who was then under arrest, and he has standing to complain.[8]

The officer said that the driver opened the trunk at the request of the police. And, after he told them that the briefcase belonged to Marshall, at their request Marshall opened the briefcase. This testimony was denied by the driver who said that the police opened both the trunk and the briefcase. The trial judge did not decide that factual dispute.

Under the circumstance that both Marshall and the driver were under arrest before the trunk was opened, the burden on the people to show that consent to search was freely and voluntarily given is particularly heavy.

"Non-resistance to the orders or suggestions of the police is not infrequent in such a situation; true consent, free of fear or pressure, is not so readily to be found." *Judd* v. *United States* (1951), 89 App DC 64 (190 F2d 649, 651).

It is not claimed that Marshall and the driver were advised, in connection with the requests that the trunk and briefcase be opened, that they were under no obligation to comply.[9] A "request" without such advice made by a police officer to persons who are under arrest and who are standing on a street corner in the dark of night, is properly understood by reasonable men as a polite order.

There is no reason to believe that Marshall, who the jury found knew that the briefcase contained marijuana, would have voluntarily exposed it to the view of the police.[10] The opening of the trunk and

---

[8] *Jones* v. *United States* (1960), 362 US 257 (80 S Ct 725, 4 L Ed 2d 697); *People* v. *Gonzales, supra,* p 257; *People* v. *Sims* and *Perry* (1970), 23 Mich App 194.

[9] See *People* v. *Smith* (1969), 19 Mich App 359, and cases cited in notes 13, 14, 20.

[10] See *People* v. *Shaw* (1968), 9 Mich App 558, 565, *affirmed* 383 Mich 69; *People* v. *Stepps* (1968), 31 App Div 2d 59 (296 NYS2d

the briefcase, whether by or at the request of police officers was, under the circumstances, nonconsensual; manifestly, Marshall and the driver were acting at the direction of the officers, whatever form of words were used.[11]

Moreover, even after the briefcase was opened, it was not apparent that it contained marijuana. There were three packages in the briefcase wrapped in heavy tan or brown paper. The officer who testified said that the other officer tore this wrapping off, revealing the marijuana.

The proviso to the search and seizure section of the Michigan Constitution excepting searches and seizures of weapons and narcotics outside the curtilage of a dwelling has been declared violative of the Federal Constitution.[12]

Marshall's conviction is reversed and he is remanded to the custody of the Wayne County sheriff for a new trial at which the seized marijuana may not be offered in evidence.

All concurred.

---

729); *Higgins v. United States* (1954), 93 App DC 340 (209 F2d 819).

[11] See *People v. Zeigler* (1960), 358 Mich 355, 363–365; *People v. Kaigler* (1962), 368 Mich 281, 294 (per T. M. KAVANAGH, J., three other justices concurring, the other justices reaching the same result by different reasoning and signing separate opinions); *Judd v. United States* (1951), 89 App DC 64, (190 F2d 649, 651); *Ray v. United States* (CA5, 1936), 84 F2d 654; *Commonwealth v. Harris* (1968), 429 Pa 215 (239 A2d 290). *Cf. People v. Smith, supra.*

[12] *People v. Pennington* (1970), 383 Mich 611. Similarly, see *People v. Andrews* (1970), 21 Mich App 731; *Lucas v. Michigan* (CA 6, 1970), 420 F2d 259.