PEOPLE *v.* PECK

1. SEARCHES AND *S*EIZURES — AUTOMOBILES — TRAFFIC VIOLATION —
PROBABLE CAUSE.

Search of an automobile and seizure of a brown substance sus-
pected to be marijuana was unreasonable where police officers
stopped a vehicle for speeding, the police noted that the
passengers were moving around in the vehicle and appeared
to be putting something in the glove compartment console,
the driver, after alighting from the vehicle, produced a valid
driver's license and one of the passengers produced the
vehicle registration, one of the police officers entered the
vehicle and sat in the driver's seat, one of the passengers
opened the console for the officer's inspection, the officer found
a plastic bag containing a brown substance which he was told
was incense and which neither he nor his fellow officer could
identify, the officer found two more plastic bags containing
the brown substance in a partially open suitcase in the back
seat and then arrested the occupants of the car.

2. CRIMINAL LAW — AUTOMOBILES — OCCUPANTS' MOVEMENT — PROB-
ABLE CAUSE.

Movement of the occupants of an automobile may be some evi-
dence of wrongdoing but does not necessarily point to the
commission of a felony.

3. SEARCHES AND SEIZURES—EXPLANATORY SEARCHES.

General or exploratory searches are not permitted; a searcher
must have in mind some reasonably specific thing he is looking
for and reasonable grounds to believe it is in the place being
searched.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 5]  47 Am Jur, Searches and Seizures §§ 18, 19.
[3]  47 Am Jur, Searches and Seizures § 21 *et seq.*

4. Searches and Seizures — Automobiles — Traffic Violation — General Search.

Police do not have the right to make a general search of an automobile incident to an arrest for a traffic offense, because there are no fruits of a traffic offense to be found in the console or back seat of an automobile.

5. Searches and Seizures—Automobile—Traffic Violation.

Entering or searching an automobile incident to an arrest for a minor traffic violation absent a reasonable belief that a felony had been or is being committed is unconstitutional.

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 March 3, 1971, at Grand Rapids. (Docket No. 9177.) Decided March 25, 1971.

Thomas O. Peck was charged with unlawful possession of marijuana. Defendant's motion to suppress the evidence denied. Defendant appeals by leave granted. Motion to suppress granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*Craig, Fieger & Golden,* for defendant.

Before: Fitzgerald, P. J., and Holbrook and Bronson, JJ.

Holbrook, J. The defendant, Thomas Peck, was charged with unlawful possession of a narcotic drug (marijuana). MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).

On February 13, 1969, defendant was driving a motor vehicle owned by a Mrs. Litwin, whose son, Robert, was a rear seat passenger. State police stopped the vehicle for excessive speed.

One of the troopers testified that as they pulled behind the car to stop it, the subjects were moving around and appeared to be putting something into the between-seat console or glove compartment.

Upon request, defendant produced his operator's license and then walked to the parked patrol car. Officer Beck entered the vehicle and occupied the vacated driver's seat. Robert Litwin was requested to produce the vehicle registration and proof of ownership. This was satisfactorily established. Trooper Beck then asked, "What were you putting in the console when we stopped you?" Litwin answered, "Nothing", and opened the console. Officer Beck then reached into the console and took out a clear plastic bag containing a brown substance which he was told was incense. He and his fellow officer looked at it and both said they had not seen anything like it before.

The officer then observed a second plastic bag containing the brown substance in defendant's partly-open suitcase in the back of the car. Another brown paper bag containing the substance was found in the suitcase. Officer Beck then believed that the substance was marijuana and defendant Peck and the other occupants were arrested and charged with illegal possession.

Defendant filed a timely motion to suppress the claimed marijuana as illegally seized, contending that the seizure was in violation of his constitutional rights against unreasonable search and seizure. Leave has been granted to review the trial court's denial of defendant's motion.

The issue on appeal is whether the evidence seized by the officer after a search of the automobile operated by the defendant and stopped for speeding was the result of a lawful search.

Shuffling in an automobile may be some evidence of conscious wrongdoing, but it does not necessarily point to the commission of a felony. When the Litwin vehicle was stopped for speeding, the officers had no foreknowledge or grounds for reasonable belief that a felony had been or was being committed because they did not know and could not have known that the automobile contained marijuana.

The searcher must have in mind some reasonably specific thing he is looking for and reasonable grounds to believe it is in the place being searched. General exploratory searches are not permitted. *Carroll* v. *United States* (1925), 267 US 132 (45 S Ct 280, 69 L Ed 543); *United States* v. *Tate* (D Del, 1962), 209 F Supp 762, 765. There is no showing in the instant case that the officers had any reason to believe that there was contraband in the automobile.

Police do not have the right to make a general search of an automobile as an incident to an arrest for a traffic offense. There are no fruits of a traffic offense to be found in the console or on the back seat of an automobile. *People* v. *Gonzales* (1959), 356 Mich 247; *People* v. *Marshall* (1970), 25 Mich App 376, 380.

Officer Beck had no right to enter the automobile or to search the automobile. To do so, according to applicable case precedent and decision, constituted a clear violation of defendant's constitutional right to be free from unreasonable searches and seizures. *People* v. *Gonzales, supra; People* v. *Marshall, supra.*

The evidence in this case was illegally obtained and is, therefore, inadmissible. Defendant's motion to suppress is hereby granted.

Reversed and remanded.

All concurred.