PEOPLE v 7th DISTRICT JUDGE

1. SEARCHES AND SEIZURES—AUTOMOBILES—TRAFFIC OFFENSES—GENERAL SEARCH.

Police do not have the right to make a general search of an automobile as an incident to an arrest for a traffic offense.

2. CRIMINAL LAW—AUTOMOBILES—NONPRODUCTION OF REGISTRATION —AUTOMOBILE THEFT—PROBABLE CAUSE.

An automobile driver's inability to produce evidence of the vehicle's registration does not standing by itself provide a basis for a reasonable belief that the automobile is stolen.

3. CRIMINAL LAW—AUTOMOBILES—NONPRODUCTION OF REGISTRATION —AUTOMOBILE THEFT—PROBABLE CAUSE.

An automobile driver's inability to produce a registration certificate can be held to provide a reasonable basis for believing the automobile to be stolen in cases where there are other factors which in cumulative effect justified that conclusion, e.g., inability to identify the owner of the vehicle, contradictory or improbable exculpatory statements, and noncompliance with other registration or licensing requirements.

4. CRIMINAL LAW—AUTOMOBILE THEFT—MERE SUSPICION—PROBABLE CAUSE—ARREST.

A police officer's mere suspicion that an automobile is stolen is not probable cause and this without sufficient fact or foundation cannot support a reasonable or probable cause to conclude that the vehicle was stolen and to follow this with an arrest.

5. SEARCHES AND SEIZURES—WITHOUT WARRANT—REASONABLENESS— PROBABLE CAUSE—APPEAL AND ERROR.

The legality of a search conducted without a warrant depends upon the law's appraisal of its reasonableness and probable cause is the test; it is not suspicion but rather stems from some fact, circumstance, or information which would create an hon-

REFERENCES FOR POINTS IN HEADNOTES
[1, 4–6] 5 Am Jur 2d, Arrest §§ 26, 28.
[2, 3] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 26, 27.
8 Am Jur 2d, Automobiles and Highway Traffic § 960.

est belief in the mind of a reasonably prudent man; and, in determining probable cause, the Court of Appeals is limited to the facts, circumstances, and information known to the officer at the time of the arrest and seizure.

6. SEARCHES AND SEIZURES—WITHOUT WARRANT—AUTOMOBILE THEFT —PROBABLE CAUSE—LICENSE PLATES—NONPRODUCTION OF REGISTRATION—CONSENT TO SEARCH.

A police officer who lawfully stopped an automobile and ticketed the driver for speeding made an illegal search and seizure when he removed a pistol from the glove box after arresting the driver for possession of a stolen automobile, where the only facts that made the police officer suspicious were that there was a beat-up, bent, out-of-state, rear license plate on a new-looking car, the driver was not able to produce a registration for the vehicle, and the driver consented to a search of the car except for the glove box; license plates go with the owner, not the car, the driver stated that he borrowed the car from his brother and the officer could have easily checked out the story with a phone call, and the driver's exercise of his constitutional right in refusing to let the officer search the glove box was proper and cannot be the basis for the violation of that same constitutional right (US Const, Am IV).

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 June 5, 1974, at Grand Rapids. (Docket No. 18631.) Decided September 11, 1974.

Complaint by William C. Buhl, Van Buren County Prosecuting Attorney, against Luther I. Daines, 7th District Judge, and Daniel Soto seeking an order of superintending control to require the district judge to reinstate a criminal case. Judgment for defendants and complaint dismissed. Plaintiff appeals on leave granted. Affirmed.

*William C. Buhl,* Van Buren County Prosecuting Attorney, *in propria persona.*

*Locke & Parish,* for defendant Soto.

Before: Holbrook, P. J., and T. M. Burns and R. L. Smith,* JJ.

Holbrook, P. J. This appeal presents questions of the validity of an arrest and the admissibility of a pistol acquired as a result of a search and seizure from an automobile.

Defendant, Daniel Soto, was stopped for speeding (82 miles per hour in a 70-mile zone). He was alone. The vehicle was a clean 1971 Chevrolet Camaro with a bent, dirty Illinois license plate on the rear. A traffic summons was issued for speeding. He was unable to produce a vehicle registration certificate. He told the police the car belonged to his brother who lived in Coloma, Michigan, and that his brother had removed all vehicle identifying papers before loaning him the car.

The police asked to search the car and were told they could, all except the glove box. The police were unable to run a LEIN computer check on the license plates because of computer failure at the station.

The police advised Soto that unless he could produce some sort of identification or proof of right to possession such as a vehicle warranty card, he would be placed under arrest for possession of a stolen automobile. Soto could produce no such proof and was arrested, without warrant, for possession of a stolen vehicle.

The police then opened the glove box and discovered a loaded .22-caliber pistol in a holster. He was arrested for carrying a concealed weapon in an automobile. MCLA 750.227; MSA 28.424.

Following Soto's arrest it was established that

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the car was not stolen, the license plates were proper and that he had permission to use the car.

At Soto's preliminary examination, a motion was made to suppress the pistol evidence and to dismiss the complaint and warrant on the ground of illegal search and seizure. The district court granted Soto's motion and discharged him.

The circuit court of the county under an action brought by plaintiff for superintending control upheld the district court decision and also dismissed the people's complaint.

The district judge held that merely because the driver of an automobile cannot produce evidence of its registration standing by itself does not provide a basis for a reasonable belief that it is stolen. *People v Marshall,* 25 Mich App 376; 181 NW2d 578 (1970). The circuit judge concurred, "Failure to produce a registration certificate does not support a reasonable belief that the vehicle was stolen".

Both judges concluded that Soto's refusal to permit a search of the glove box was the only additional factor which prompted the search. The district court concluded: "To classify the search in this case as reasonable because the officer was challenged by defendant's refusal to consent to the search would make every search reasonable where consent was not forthcoming".   .

The circuit judge stated: "The exercise of a constitutional right cannot be the basis for the violation of that same constitutional right".

Plaintiff appeals these decisions.

*Was the district court's ruling excluding the admission of a gun into evidence based upon* People v Marshall, *25 Mich App 376; 181 NW2d 578 (1970), clearly erroneous and an abuse of discretion?*

In the *Marshall* case, 25 Mich App 379; 181 NW2d 579, it is stated:

"Marshall and his companions were stopped by police officers when the automobile in which they were riding ran a stop sign. The automobile was licensed in Ohio. The driver had an Ohio driver's license with him but could not produce a certificate of registration for the vehicle. He said it belonged to his brother, Marshall's father. (This was verified some time later.)"

The instant facts are very similar. The *Marshall* officers testified they thought the car was stolen, informed the occupants they were being arrested for auto theft, patted them down, found no weapons, asked permission to open the vehicle trunk, opened it and found a briefcase containing marijuana.

The Court stated, 25 Mich App 379–380; 181 NW2d 579–580:

"We have concluded that the police did not have probable cause to arrest the occupants of the automobile. Merely because the driver of an automobile cannot produce evidence of its registration does not, standing by itself, provide a basis for a reasonable belief that it is stolen. Although the law requires a registration certificate to be carried in Michigan-licensed vehicles and a failure to do so is a misdemeanor, and authorizes nonresidents to operate foreign-registered vehicles on a like condition, noncompliance by honest citizens occurs with such frequency that it is not reasonable to believe an automobile to be stolen from that alone.

\* \* \*

"[I]nability to produce a registration certificate has been held to provide a reasonable basis for believing an automobile to be stolen in cases where there were other factors which in cumulative effect justified that conclusion, *e.g.,* inability to identify the owner of the vehicle, contradictory or improbable exculpatory statements and

noncompliance as well with other registration or licensing requirements.

"Since the officers did not have probable cause to arrest for auto theft, the search of the trunk cannot be justified as an incident to an arrest on that charge. Even if, in appraising the validity of the search of the trunk, we treat this case as if the driver had been arrested for the motor vehicle violation or nonpossession of a registration certificate, that would not validate the search. The police do not have the right to make a general search of an automobile as an incident to an arrest for a traffic offense. There are no fruits of a traffic offense to be found in the trunk of an automobile."

Two basic rules evolve from *Marshall* which are undisputed and admittedly binding:

1. Police do not have the right to make a general search of an automobile as an incident to an arrest for a traffic offense. *People v Gonzales,* 356 Mich 247; 97 NW2d 16 (1959); *People v Peck,* 31 Mich App 667, 670; 188 NW2d 28, 29 (1971); *People v Iverson,* 34 Mich App 519, 525; 191 NW2d 745, 748 (1971).

2. Merely because the driver of an automobile cannot produce evidence of its registration does not standing by itself provide a basis for a reasonable belief that it is stolen.

Defendants-appellees contend that just because the driver was unable to produce a vehicle registration there was no reason to believe the car was stolen and the only reason the officer looked into the glove box was because he was told not to. He met the *Marshall* tests since he identified the vehicle owner, made no contradictory or improbable exculpatory statements concerning ownership and permission to use and there was compliance with other registration and licensing require-

ments. *Marshall,* 25 Mich App 380; 181 NW2d 580. Mere suspicion is not probable cause and this without sufficient fact or foundation cannot support a reasonable or probable cause to conclude that the vehicle was stolen and to follow this with an arrest.

The legality of a search conducted without a warrant depends upon the law's appraisal of its reasonableness. Probable cause is the test. It is not suspicion but rather stems from some fact, circumstance, or information which would create an honest belief in the mind of a reasonably prudent man. In determining probable cause, this Court is limited to the facts, circumstances, and information known to the officer at the time of the arrest and seizure. *People v Gwinn,* 47 Mich App 134, 140; 209 NW2d 297, 301 (1973).

Cases and factual situations differ and each case becomes unique. In assessing reasonableness we are required to consider the pertinent facts known by the officer. What is reasonable under the circumstances results in a subjective evaluation. Does the search, in this case, meet the standard of reasonableness established by the US Const, Am IV, unreasonable searches and seizures? The facts are as follows:

1. A lawful stop and ticket for speeding.

2. A beat-up bent rear license plate on a new-looking car. This looks suspicious but certainly does not support a conclusion that the car was stolen. License plates go with the owner, not the car, small tabs make them legal for two years, license bolts become rusty and stick.

3. The driver produced a license, but no registration. Under *Marshall* this does not support a reasonable conclusion that the car is stolen.

4. The driver stated that he borrowed the car

from his brother who removed all identifying papers from it.

5. The brother was a Coloma, Michigan, resident while his car had Illinois plates.

These statements which are not conflicting provide a plausible reason for the lack of vehicle identification and the fact of Illinois plates. To this point, it would seem that the officer did not have sufficient reason, without other proof, to conclude that the car was stolen.

6. The driver consented to a search of the car except for the glove box.

We conclude that the facts in the instant case and those in *Marshall* are nearly identical. Herein the police officers were unable to run a computer check on the license plates because of a computer failure at the station. However, Coloma, the residence of the owner of the automobile and brother of defendant Soto, was only a short distance away. The officer could have, but did not attempt to contact the defendant's brother by telephone or through the state police post to ascertain the ownership status of the vehicle. We further conclude that the officer was without sufficient reason to make a personal exploratory search of the vehicle to see why permission to search was not granted. The officer's action in this regard resulted in an unreasonable search under the US Const, Am IV. The pistol was inadmissible. This was the finding of the district and the circuit court judges who heard the testimony of the officer. The ruling of the district and the circuit court was not clearly erroneous. Also, the ruling of both judges was discretionary and is not reversible, unless an abuse has been demonstrated. The plaintiff has failed to show that abuse of discretion was practiced by either judge.

Affirmed.

All concurred.