PEOPLE v HOWELL

1. SEARCHES AND SEIZURES—MOTOR VEHICLES—RULES APPLICABLE—
REASONABLENESS.

The rules which apply with respect to stopping, searching, and
seizing of motor vehicles and their contents are: (1) reasonable-
ness is the test that is to be applied for both the stop and the
search of moving motor vehicles, (2) said reasonableness will be
determined from the facts and circumstances of each case, (3)
fewer foundation facts are necessary to support a finding of
reasonableness when moving vehicles are involved than if a
house or a home were involved, and (4) a stop of a motor
vehicle for investigatory purposes may be based upon fewer
facts than those necessary to support a finding of reasonable-
ness where both a stop and a search are conducted by the
police.

2. SEARCHES AND SEIZURES—MOTOR VEHICLES—AUTOMOBILES—REA-
SONABLENESS—BURDEN OF PROOF—PROSECUTORS—PROBABLE
CAUSE—EVIDENCE OF CRIME.

The burden rests on the prosecution to demonstrate that the
police, in searching a vehicle without a warrant, acted in a
reasonable manner based on probable cause and in response to
exigent circumstances under one of the specifically established
exceptions to the warrant requirement where the initial stop of
a vehicle for a traffic violation was reasonable, and a determi-
nation of probable cause is limited to the facts, circumstances,
and information known to the officers at the time of the arrest
and search, and a search is not valid where, at the time the
police had no way of knowing that what they would seize was
evidence of a crime and there was nothing to lead an ordinary

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Searches and Seizures §§ 16, 43, 45, 99.
Validity, under Federal Constitution, of warrantless search of auto-
mobiles. 26 L Ed 2d 893.
[2] 68 Am Jur 2d, Searches and Seizures §§ 39, 40.
Lawfulness of search of automobile following arrest for traffic
violation. 10 ALR3d 314.

prudent person to believe that the accused had committed or was committing a crime.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 December 10, 1974 at Detroit. (Docket No. 19277.) Decided January 29, 1975. Leave to appeal applied for.

Willie A. Howell was convicted of receiving and concealing stolen property over the value of $100. Defendant appeals. Reversed and defendant discharged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research Training & Appeals, and *Steven Rabinovitz,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for the defendant on appeal.

Before: BRONSON, P. J., and McGREGOR and CARLAND,* JJ.

McGREGOR, J. Defendant was found guilty by a jury of receiving and concealing stolen property over the value of $100, MCLA 750.535; MSA 28.803. He was sentenced on September 17, 1973, to a term of from three years and four months to five years in prison; he appeals as of right.

Defendant raises two assignments of error on appeal. Only one will be considered; it warrants reversal and the discharge of the defendant.

*Was there probable cause to arrest the defend-*

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*ant and search the automobile in which he was
riding?*

On March 26, 1973, at 4:30 p.m., two officers of
the Detroit Police Department stopped a maroon
Pontiac for speeding. Once stopped, the driver of
the auto exited his vehicle and was asked for his
driver's license and automobile registration by
Officer Heath. The driver could produce neither a
license nor a registration and indicated that the
defendant, who was seated in the right front pas-
senger seat, was the owner of the vehicle. Officer
Shoff went to the driver's side of the Pontiac and
asked the defendant for his registration. While
questioning the defendant, Officer Shoff noticed a
small, pouch-type bag, similar to a makeup bag
that women carry, lying on the front seat of the
vehicle next to the defendant. Officer Shoff testi-
fied that he noticed several items of jewelry in the
bulging and partially open bag.

At this time the defendant and the rear seat
passenger exited the vehicle. The defendant indi-
cated that he was the owner of the vehicle but did
not have a registration. He did, however, produce
a valid Michigan operator's license. Officer Shoff
then told the defendant and his two companions to
return to the vehicle while the officers made rou-
tine warrant checks.

When Officer Shoff returned to the Pontiac, he
again looked inside the vehicle and noticed that
the cosmetic bag was no longer on the front seat.
Officer Shoff asked the driver what happened to
the bag and the driver responded, "what bag?".
Officer Shoff then looked around the vehicle and
noticed that the bag was now on the floor of the
car, behind the feet of the defendant. At this point,
Officer Shoff ordered all of the occupants out of the
vehicle, seized the bag and its contents as evi-

dence, and advised all three individuals that they were under arrest.

Officer Shoff testified that, at the time he arrested the defendant, he had merely "some suspicions about the bag". Neither officer had knowledge of any armed robbery or a report of stolen property matching the description of the cosmetic bag of jewelry.

Prior to trial, the defendant's counsel filed a motion for an evidentiary hearing for the purpose of suppressing the cosmetic bag, which contained the alleged stolen property. At the end of the evidentiary hearing, the court denied defendant's motion to suppress the evidence. Defendant was subsequently tried and convicted of receiving and concealing stolen property over the value of $100. Following the trial, the defendant filed a motion for judgment notwithstanding the verdict, based on the alleged illegal search and seizure of the jewelry. The court denied this motion.

In *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973), the Supreme Court clearly expressed the rules which apply with respect to stopping, searching and seizing of motor vehicles and their contents:

"1. Reasonableness is the test that is to be applied for both the stop of, and the search of moving motor vehicles.

"2. Said reasonableness will be determined from the facts and circumstances of each case.

"3. Fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved, than if a house or a home were involved.

"4. A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police." 390 Mich at 682.

Although no traffic citation was ever issued, the initial stop of the vehicle was reasonable, since the officers observed the Pontiac travelling at 35 miles per hour in a 15-mile-an-hour zone. However, police who stop an automobile on a Michigan highway to issue a traffic ticket may not routinely search the automobile, under Michigan law. *People v Gonzales,* 356 Mich 247; 97 NW2d 16 (1959); *Cf. People v Moore,* 391 Mich 426, 434, fn 5; 216 NW2d 770 (1974).

In order to sustain the validity of the warrantless search of the automobile, the burden rests on the people to demonstrate that the police acted in a reasonable manner, based on probable cause and in response to an exigent circumstance, bringing the search under one of the specifically established exceptions to the warrant requirement. *People v White,* 392 Mich 404; 221 NW2d 357 (1974).

The prosecution relies on the plain view exception to the warrant requirement as demonstrating that the police acted in a reasonable manner based on probable cause, when they searched the vehicle. We cannot agree.

Unlike the situation in *Whalen, supra,* the officers in the instant matter had no knowledge of any armed robbery, report of stolen property, or description of the defendants and their vehicle.

In determining whether a search conducted without a warrant was based on probable cause, this Court is limited to the facts, circumstances, and information known to the officers at the time of the arrest and seizure. *People v 7th District Judge,* 55 Mich App 471; 222 NW2d 778 (1974). The facts known to the officers were as follows: (1) a lawful stop for speeding; (2) a small cosmetic bag on the front seat which one of the officers observed contained assorted jewelry; (3) the driver could not

produce a driver's license nor a registration, but identified the defendant as the owner of the car; (4) the defendant did produce a license, but no registration (However, this does not support the reasonable conclusion that the car was stolen. *7th District Judge, supra);* (5) when Officer Shoff returned to the car, the cosmetic bag was no longer on the front seat, but was on the floor of the back seat, behind the feet of the defendant; (6) when asked by Officer Shoff what happened to the bag, the driver responded, "what bag?".

The facts upon which the officers acted here were similar to those in *People v White,* 46 Mich App 195; 207 NW2d 921 (1973). There, the defendant was convicted of uttering and publishing after his motion to suppress evidence was denied. The trial court upheld the seizure of a driver's license and a check which were found in the vehicle occupied by the defendant. The court found that the check and driver's license were in the plain view of the arresting officer as he looked into the defendant's vehicle. At the time of the arrest, the police officer had no information which identified the defendant White as being a person who had previously passed bad checks in the area. The officer had no information which indicated that the driver's license was false identification nor that the check that was taken was or appeared to be an invalid instrument. It was only after a further investigation, after the arrest, that the items seized attained the status of evidence of a crime. In reversing the defendant's conviction, Chief Judge LESINSKI, writing for the majority of this Court, stated:

"We find that the 'plain view doctrine' has no applicability to the facts of this case. The evidence taken was not contraband. At the time the police officer saw the

evidence he had no way of knowing that it was evidence of a crime. Unlike a gun, knife, narcotics, alcoholic beverages, or obvious contraband, the driver's license and check did not become evidence of a crime until further investigation tied it into the case." 46 Mich App at 198.

Likewise, we find that the plain view doctrine has no applicability to the facts of this case. The evidence taken was not contraband. At the time the police officer saw the evidence, he had no way of knowing that it was evidence of a crime. The small bag of jewelry, standing alone in this case, is not such a fact as would lead an ordinary prudent person to believe that the accused had committed or was committing a crime. At the time of the arrest, there was nothing known to the officers to tie the defendant to the crime of receiving and concealing stolen property. The trial court, therefore, erred in failing to suppress the cosmetic bag and its contents as the product of an illegal search and seizure.

We, therefore, reverse the defendant's conviction and order his release from custody.