PEOPLE v LUMPKIN

1. SEARCHES AND SEIZURES—MOTOR VEHICLES—TRAFFIC OFFENSES—
GENERAL SEARCH—FRUITS OF THE OFFENSE.

Police do not have the right to make a general search of an automobile as an incident to an arrest for a traffic offense since there are no fruits of a traffic offense to be found in such a search.

2. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—WAIVER—
DURESS—COERCION—SPECIFIC WAIVER—INTELLIGENT WAIVER—
DUTY OF PROSECUTION.

Waiver by a suspect of his right to be free from a search without a warrant must be proved by clear and positive testimony and there must be no duress or coercion, actual or implied; the prosecution must show that consent to the search was unequivocal and specific, and freely and intelligently given.

3. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—CONSENT—
VOLUNTARINESS OF CONSENT—ADVICE OF RIGHTS.

Consent to a search and seizure where there was no warrant to search may be held to be voluntary in the absence of contrary indications where the accused prior to consenting was advised of his rights, informed that he need not submit to a search and that, if he did, the fruits thereof would be used in evidence against him, but, consent was held to be involuntary where a suspect was not advised that he could refuse to permit a search, nor informed of the purpose of the investigation, nor informed that the fruits of the search might be used against him, nor advised of his *Miranda* rights until after the search.

Appeal from Berrien, Julian E. Hughes, J. Submitted Division 3 November 13, 1974, at Grand Rapids. (Docket No. 17950.) Decided March 10, 1975. Leave to appeal applied for.

REFERENCES FOR POINTS TO HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures §§ 39, 40.
Lawfulness of search of motor vehicle following arrest for traffic violation. 10 ALR3d 314.
[2, 3] 68 Am Jur 2d, Search and Seizures § 46 *et seq.*

Ervin Lumpkin was convicted of possession of heroin. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, Edward R. Wilson, Director, and *Howard C. Mardosian,* Special Assistant Attorney General, of counsel), for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and CARLAND,* JJ.

T. M. BURNS, P. J. The defendant, Ervin Lumpkin, was convicted in a nonjury trial on April 17, 1973, of the offense of possession of heroin contrary to the provision of MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a). On June 4, 1973, defendant was sentenced to a term of 16 months to 4 years in prison, with appropriate credit for time already spent in jail. Defendant now appeals as of right.

In the early morning hours of August 23, 1972, defendant was stopped by Michigan State Police Trooper Allen Engstrom for speeding on I-94 in Berrien County, Michigan. Defendant was the driver of the vehicle, and there was one other male passenger. A routine registration check run on the car revealed that the license plate did not match the vehicle. Trooper Engstrom testified that under these circumstances it was his practice to ask the driver if he knew the contents of the trunk. Upon being so questioned, defendant rep-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

lied that he knew the trunk's contents and that he would show the trooper what was in the trunk. When defendant opened the trunk, trooper Engstrom noticed a leather shaving kit and inquired about its contents. According to trooper Engstrom, the defendant then opened the kit, which revealed a small vial containing a white powdery substance. Subsequent tests determined that the substance was heroin.

The defendant took the stand and admitted that he opened the trunk of the car for trooper Engstrom. One major area of disagreement centered on ownership of the shaving kit. While trooper Engstrom testified that the defendant had informed him that the kit was his, the defendant denied ownership of the kit. The trial court decided this credibility question against the defendant, and as mentioned earlier, found him guilty as charged.

Defendant raises numerous issues on appeal, only one of which we consider decisional, namely: whether defendant voluntarily consented to the warrantless search of the car. The prosecutor claims that the defendant voluntarily opened the trunk of the car and that there is no evidence of coercion or duress by the police. On the other hand, defendant maintains that the consent was given under coercive circumstances and that the search was illegal because he was not advised of his right to refuse consent to the search.

Generally speaking, a warrantless search and seizure is unreasonable per se and violative of US Const, Am IV, and Const 1963, art 1 § 11. It has also been long held that the police do not have the right to make a general search of an automobile as an incident to an arrest for a traffic offense, since there are no fruits of a traffic offense to be found

in the trunk of an automobile. *People v Marshall,* 25 Mich App 376; 181 NW2d 578 (1970), *People v Peck,* 31 Mich App 667; 188 NW2d 28 (1971), *People v Iverson,* 34 Mich App 519; 191 NW2d 745 (1971).

It is equally clear, however, that the right to be free from warrantless searches may be waived by a defendant's valid consent. *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973), *Martucci v Detroit Commissioner of Police,* 322 Mich 270; 33 NW2d 789 (1948). In *People v Kaigler,* 368 Mich 281, 294; 118 NW2d 406 (1962), our Supreme Court stated that:

"such waiver or consent must be proved by clear and positive testimony *and there must be no duress or coercion, actual or implied, and 'the prosecutor must show a consent that is unequivocal and specific, freely and intelligently given."* (Emphasis appears in the original case.)

Whether consent is valid is a matter of fact based upon the evidence and all reasonable inferences to be drawn from it. *People v Chism, supra.* The prosecutor asserts that the consent in the instant case was valid. We disagree.

In *People v Chism, supra,* the Supreme Court stated at p 123; 211 NW2d 202:

"In *People v Zeigler,* 358 Mich 355, 364–365; 100 NW2d 456, 461 (1960), this Court stated:

" 'And so, *with respect to incriminating evidence,* other than confessions, *obtained by search and seizure, under a conceivable showing of facts, such as, inter alia, that the accused was first advised of his rights, informed that he need not submit to a search and that, if he did, the fruits thereof would be used in evidence against him, his consenting to the search and seizure may well, in the absence of contrary indications, be*

*held to be voluntary,* not an involuntary act secured under coercion, and, hence, a waiver of his constitutional rights, rendering such evidence admissible.' " (Emphasis supplied.)

*Chism* and *Zeigler* thus stand for the proposition that a defendant must be informed of his right not to submit to a warrantless search.

In the case at bar, defendant was not advised that he could refuse to permit a search nor was he informed of the purpose of the investigation or that the fruits of the search might be used against him in evidence. Furthermore, at the preliminary examination, trooper Engstrom admitted that the defendant was not advised of his *Miranda*[1] rights until he was en route to the state police post, a point in time after the search had been conducted and the heroin discovered.

Application of the principles stated in *Chism* and *Zeigler* requires reversal in this case and suppression of the evidence seized. Under the facts of this case, defendant's response to the trooper's inquiries did not constitute a voluntary waiver of his constitutional right to be protected from an unreasonable search and seizure. The opening of the trunk and shaving kit was, under the circumstances, nonconsensual; clearly, the defendant was acting at the direction of the trooper, whatever form of words was used. The failure of the trooper to advise defendant of his rights and that he need not submit to a search renders defendant's consent involuntary. Hence, there was no waiver of his constitutional rights.

Reversed and remanded for a new trial.

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).