PEOPLE v LUMPKIN

Docket No. 56961. Decided July 23, 1975.

> Ervin Lumpkin was convicted in the Berrien Circuit Court, Julian E. Hughes, J., of possession of heroin. The Court of Appeals, T. M. Burns, P. J., and R. B. Burns and Carland, JJ., reversed, holding that defendant's consent to a search without a warrant of the trunk of a car defendant was driving when stopped for a traffic offense was invalid because the defendant was not informed of his right to refuse. (Docket No. 17950.) The people apply for leave to appeal. Leave granted, motion for peremptory reversal granted, and remanded to the Court of Appeals for redetermination whether the state demonstrated that the consent was voluntary. *Held:*
>
> An accused need not necessarily be informed of his right to refuse to consent to a search as a precondition to a valid consent. Knowledge of the right is but one factor in the totality of circumstances to be examined.
>
> 59 Mich App 304; 229 NW2d 426 (1975) reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Edward R. Wilson,* Director, Prosecuting Attorneys Appellate Service, and Special Assistant Attorney General, for the people.

State Appellate Defender Office, *Stuart M. Israel,* Assistant Defender, for defendant.

MEMORANDUM OPINION. The defendant, Ervin Lumpkin, was convicted in a non-jury trial on April 17, 1973, of the offense of possession of heroin contrary to the provision of MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a). On June 4,

1973, defendant was sentenced to a term of 16 months to 4 years in prison, with appropriate credit for time already spent in jail.

In the early morning hours of August 23, 1972, defendant was stopped by Michigan State Police Trooper Allen Engstrom for speeding on I-94 in Berrien County, Michigan. Defendant was the driver of the vehicle, and there was one other passenger. A routine registration check run on the car revealed that the license plate did not match the vehicle. Trooper Engstrom testified that under these circumstances it was his practice to ask the driver if he knew the contents of the trunk. Upon being so questioned, defendant replied that he knew the trunk's contents and that he would show the trooper what was in the trunk. When defendant opened the trunk, trooper Engstrom noticed a leather shaving kit and inquired about its contents. According to trooper Engstrom, the defendant then opened the kit, which revealed a small vial containing a white powdery substance. Subsequent tests determined that the substance was heroin.

The defendant took the stand and admitted that he opened the trunk of the car for trooper Engstrom. One major area of disagreement centered on ownership of the shaving kit. While trooper Engstrom testified that the defendant had informed him that the kit was his, the defendant denied ownership of the kit. The trial court decided this credibility question against the defendant and, as mentioned earlier, found him guilty.

The Court of Appeals, relying on *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973), and *People v Zeigler,* 358 Mich 355; 100 NW2d 456 (1960), reversed, holding that a defendant must be informed of his right not to submit to a warrant-

less search. 59 Mich App 304; 229 NW2d 426 (1975). In this, the Court of Appeals erred. *Schneckloth v Bustamonte,* 412 US 218; 93 S Ct 2041; 36 L Ed 2d 854 (1973), and *People v Reed,* 393 Mich 342; 224 NW2d 867 (1973), hold that the accused need not necessarily be informed of his right to refuse to consent to a search as a precondition to a valid consent. "The law today is that knowledge of the right to refuse is but one factor in the totality of circumstances to be examined in construing the reasonability of a search." *People v Reed, supra,* pp 362–363.

Plaintiff-appellant's application for leave to appeal, motion for peremptory reversal, and motion for immediate consideration of the motion for peremptory reversal are considered and granted and this matter is remanded to the Court of Appeals for redetermination in accordance with *Schneckloth v Bustamonte, supra,* and *People v Reed, supra,* of whether the state demonstrated that the claimed consent was "in fact 'voluntary' " and not "the product of duress or coercion, express or implied". *Schneckloth v Bustamonte, supra,* p 227.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

SWAINSON, J., took no part in the decision of this case.