PEOPLE v LUMPKIN (ON REMAND)

1. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—CONSENT—
   RIGHT TO REFUSE CONSENT—REASONABILITY OF SEARCH.

   An accused need not necessarily be informed of his right to refuse
   to consent to a search without a warrant as a precondition to a
   valid consent to search; knowledge of the right to refuse is but
   one factor in the totality of circumstances to be examined in
   construing the reasonability of a search; the test is whether the
   search was the product of duress or coercion, express or im-
   plied.

2. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—CONSENT—
   VOLUNTARINESS OF CONSENT.

   An accused's consent to a search without a warrant of the trunk
   of his automobile, and then when the trunk was open to the
   contents of a shaving kit found inside the trunk, was voluntary
   under the facts and circumstances where a state trooper asked
   the accused if he knew the contents of the trunk and the
   accused said he did and that he would show the trooper, and
   the trooper then inquired of the contents of the shaving kit
   found inside the trunk and the accused opened up the kit; there
   is no evidence of coercion or duress.

Appeal from Berrien, Julian E. Hughes, J. Re-
manded by the Supreme Court for reconsideration,
July 23, 1975. (Docket No. 17950.) Decided Septem-
ber 10, 1975.

Ervin Lumpkin was convicted of possession of
heroin. Defendant appealed. Reversed and re-
manded for a new trial, 59 Mich App 304. Su-
preme Court remanded to Court of Appeals for
redetermination, 394 Mich 456. On remand, af-
firmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Searches and Seizures §§ 46-53.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Edward R. Wilson,* Director, Prosecuting Attorneys Appellate Service, and Special Assistant Attorney General, for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and CARLAND,* JJ.

## ON REMAND

T. M. BURNS, P. J. In the early morning hours on August 23, 1972, defendant was stopped by Michigan State Police Trooper Allen Engstrom for speeding on I-94 in Berrien County, Michigan. Defendant was the driver of the vehicle, and there was one other male passenger. A routine registration check run on the car revealed that the license plate did not match the vehicle. Trooper Engstrom testified that under these circumstances it was his practice to ask the driver if he knew the contents of the trunk. Upon being so questioned, defendant replied that he knew the trunk's contents and that he would show the trooper what was in the trunk. When defendant opened the trunk, Trooper Engstrom noticed a leather shaving kit and inquired of its contents. According to Trooper Engstrom, the defendant then opened up the kit, which revealed a small vial containing a white powdery substance. Subsequent tests determined that the substance was heroin.

The defendant took the stand and admitted that

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

he opened the trunk of the car for Trooper Eng-
strom. One major area of disagreement centered
around ownership of the shaving kit. While
Trooper Engstrom had testified that the defendant
had informed him that the kit was his, defendant
denied ownership of the aforementioned kit. The
trial court decided this credibility question against
the defendant and found him guilty as charged.
He was sentenced to a term of 16 months to 4
years in prison.

Defendant appealed as of right and in our initial
decision in this case, reported at 59 Mich App 304,
229 NW2d 426 (1975), we reversed, holding that
since defendant was not informed of his right not
to submit to a warrantless search, he was entitled
to a new trial at which the evidence seized would
be suppressed.

Thereafter, the Supreme Court granted plain-
tiff's application for leave to appeal, and in a
memorandum opinion reported at 394 Mich 456,
457–458; 231 NW2d 637, 638 (1975), the Court said:

"The Court of Appeals, relying on *People v Chism,*
390 Mich 104; 211 NW2d 193 (1973), and *People v
Zeigler,* 358 Mich 355; 100 NW2d 456 (1960), reversed,
holding that a defendant must be informed of his right
not to submit to a warrantless search. 59 Mich App 304;
229 NW2d 426 (1975). In this, the Court of Appeals
erred. *Schneckloth v Bustamonte,* 412 US 218; 93 S Ct
2041; 36 L Ed 2d 854 (1973), and *People v Reed,* 393
Mich 342; 224 NW2d 867 (1973), hold that the accused
need not necessarily be informed of his right to refuse
to consent to a search as a precondition to a valid
consent. 'The law today is that knowledge of the right
to refuse is but one factor in the totality of circum-
stances to be examined in construing the reasonability
of a search.' *People v Reed, supra,* pp 362–363.

\* \* \*

"[T]his matter is remanded to the Court of Appeals

for redetermination in accordance with *Schneckloth v Bustamonte, supra,* and *People v Reed, supra,* of whether the state demonstrated that the claimed consent was 'in fact "voluntary" ' and not 'the product of duress or coercion, express or implied'."

Pursuant to the order of the Supreme Court, we have reconsidered the question of whether defendant voluntarily consented to the search in light of the principles announced in *Schneckloth* and *Reed.* After reviewing the entire record in this case we conclude that the consent given by defendant was not "the product of duress or coercion, express or implied" and accordingly, that the evidence was properly admitted at trial.

In this case the trooper testified and the defendant admitted that he consented to the search of both the trunk and the shaving kit. There is nothing in the record to support defendant's claim that the atmosphere surrounding the search was coercive. Defendant's only reason for saying that the consent was not voluntary lies in his alleged fear of trouble were he to refuse the trooper permission to search. However, there is no reason to believe, under circumstances such as are presented in this case, that the response to a policeman's question is presumptively coerced. Therefore, this fear, standing alone, cannot be regarded as rendering the search invalid, especially when, as here, the police officer is not put on notice that the consent is not freely and voluntarily expressed. The trooper in this case was entitled to rely on the defendant's unequivocal expression of consent. Having relied on it, he cannot now be faulted for not obtaining a warrant before conducting the search of the trunk and shaving kit.

Having found no evidence of coercion or duress,

we conclude that defendant's consent to the search in question was voluntary. Accordingly, we hold that under the facts and circumstances of this case, the search was reasonable, and that it was not error for the trial court to admit the fruits of that search into evidence.

Affirmed.

Judge MICHAEL CARLAND, not participating.